IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| SENECA PATTERSON, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CASE NO. 1:22-cv-51 |
| § | |
| O'BAR WRECKER SERVICE, LLC (a/k/a § | |
| Obar Wrecker Service, LLC) and WANDA § | |
| HOOPER, § | |
| § | |
| Defendants. § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Seneca Patterson ("Plaintiff" or "Ms. Patterson") files this Complaint against O'Bar Wrecker Service, LLC (a/k/a Obar Wrecker Service, LLC) ("O'Bar") and Wanda Hooper ("Ms. Hooper") (collectively "Defendants"), showing in support as follows:

**I.      NATURE OF THE CASE**

1.     This is a civil action brought by Plaintiff pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262, (collectively "FLSA") for Defendants' failure to pay Plaintiff time and one-half her regular rate of pay for all hours worked over 40 during each seven-day workweek as an employee of Defendants.

2.     Plaintiff alleges that O'Bar, and one of its owners and managers, Ms. Hooper, are her employers and/or joint employers under the FLSA relative to the claims in this lawsuit.

3.     Plaintiff was employed by Defendants from approximately August 2018 to present as an hourly paid dispatcher.

4.     During a typical workweek, Defendants had Plaintiff work dispatcher job duties for Defendants' business locations in Abilene, Texas and Sweetwater, Texas. Plaintiff performed that

work from either Defendants' business location in Abilene, Texas or Plaintiff's home in Abilene, Texas. Defendants generally credited Plaintiff with more than 40 hours worked per workweek. However, Defendants generally issued two payments and earnings statements to Plaintiff for such weekly work – one payment and earnings statement for 30 hours and a second payment and earnings statement for the other hours, including hours over 40. Although such payments and corresponding earnings statements were for the same seven-day workweek, Defendants' practice made it appear, on earnings statements at least, that Plaintiff did not work more than 40 hours per workweek. Plaintiff was paid straight time only for all hours worked per workweek and was not paid any FLSA overtime premium for the corresponding weekly overtime hours worked.

5. Plaintiff routinely worked more than 40 hours per seven-day workweek as an employee of Defendants. However, Defendants did not pay Plaintiff time and-one half her regular rate of pay for all hours worked over 40 in each and every seven-day workweek.

6. Plaintiff seeks all damages available under the FLSA, including unpaid overtime wages, liquidated damages, legal fees, costs, and post-judgment interest.

## II. THE PARTIES, JURISDICTION, AND VENUE

**A.** **Plaintiff Seneca Patterson**

7. Plaintiff is a natural person who resides in Abilene, Texas. She has standing to file this lawsuit.

8. By filing this lawsuit and complaint, Plaintiff consents to be a party plaintiff to this FLSA action pursuant to 29 U.S.C. § 216(b).

**B.** **Defendant O'Bar Wrecker Service, LLC (a/k/a Obar Wrecker Services, LLC)**

9. O'Bar is a domestic limited liability company.

10. O'Bar is registered with the Texas Secretary of State to conduct business operations in Texas.

11. According to data on file with the Texas Secretary of State, O'Bar's principal place of business is located at 3210 Plum Street, Abilene, Texas 79601.

12. The limited liability company formed for O'Bar has two owners and managers – Ms. Hooper and Mr. Kenneth Hooper.

13. In the time period between January 1, 2018 to the date this lawsuit was filed, O'Bar is and has been an "enterprise engaged in commerce" as defined by the FLSA.

14. In the time period between January 1, 2018 to the date this lawsuit was filed, O'Bar employed and continues to employ two or more employees.

15. In the time period between January 1, 2018 to the date this lawsuit was filed, O'Bar employed two or more employees who engaged in commerce and/or who handled, sold, or otherwise worked on goods and/or materials that have been moved in and/or produced for commerce by any person. For example, O'Bar employed two or more employees who regularly handled, sold, and/or otherwise worked on goods and/or materials in their daily work that are/were moved in and/or produced for commerce. Examples of such goods and/or materials include computers, computer accessories, phones, vehicles, fuel, and tools used in connection with towing services.

16. On information and belief, O'Bar had or has annual gross sales or business volume in excess of $500,000 in 2019, 2020, 2021, and 2022.

17. O'Bar may be served with summons through its registered agent, Ken Hooper, 3210 Plum Street, Abilene, Texas 79601.

### C.     Defendant Wanda Hooper

18.     Ms. Hooper is a natural person.

19.     Ms. Hooper has used the names Wanda Hooper, Wanda Irene Hooper, and Irene Hooper.

20.     During the time period of April 2019 to present, Ms. Hooper is and has been an owner and manager of the limited liability company established for O'Bar.

21.     During the time period of April 2019 to present, Ms. Hooper had operational control over the day-to-day operations of O'Bar.

22.     During the time period of April 2019 to present, Ms. Hooper possessed the power to hire and fire employees of O'Bar, including Plaintiff. Ms. Hooper hired Plaintiff.

23.     During the time period of April 2019 to present, Ms. Hooper possessed the power to set the work schedules for employees of O'Bar, including Plaintiff. Ms. Hooper routinely set Plaintiff's work schedule for O'Bar.

24.     During the time period of April 2019 to present, Ms. Hooper controlled the conditions of employment for employees of O'Bar, including Plaintiff.

25.     During the time period of April 2019 to present, Ms. Hooper was Plaintiff's supervisor.

26.     During the time period of April 2019 to present, Ms. Hooper determined the rate and method of payment for employees of O'Bar, including Plaintiff. For example, Ms. Hooper determined Plaintiff's method and rate of pay, which has been $10.00 per hour since approximately 2019.

27.     Ms. Hooper may be served with summons at 3210 Plum Street, Abilene, Texas 79601.

**D.     Jurisdiction and Venue**

28.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

29.     The Court has personal jurisdiction over Defendants based on both general and specific jurisdiction.

30.     During all times relevant to this lawsuit, Defendants have done business in the State of Texas and continue to do business in the State of Texas.

31.     The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiff bases her claims on federal law, namely the FLSA.

32.     Venue is proper in this Court because O'Bar's principal place of business is located in this District and Division.

### III.     FACTUAL BACKGROUND

33.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

34.     O'Bar is a towing and roadside assistance business located in Abilene, Texas.

35.     O'Bar's principal place of business and primary yard is at 3210 Plum Street, Abilene, Texas 79601.

36.     O'Bar has a second location in Sweetwater, Texas from which it performs its towing and roadside assistance business operations.

37.     During the time period of April 2019 to present, Plaintiff was employed as an hourly paid dispatcher by O'Bar.

38.     As a dispatcher, Plaintiff performed dispatcher duties for towing and roadside assistance relative to both the Abilene, Texas location and the Sweetwater, Texas location.

39.     Plaintiff performed her dispatcher job duties from both O'Bar's principal place of business at 3210 Plum Street, Abilene, Texas 79601 and Plaintiff's home in Abilene, Texas.

40.     O'Bar's seven-day workweek for Plaintiff generally began on a Wednesday and ended on the following Tuesday.

41.     Plaintiff's seven-day workweek schedule was generally from approximately 5:30 p.m. on a Friday to approximately 8:30 a.m. the following Monday (the "weekly work schedule").

42.     O'Bar generally credited Plaintiff with more than 40 hours worked for each such weekly work schedule. However, O'Bar would generally issue Plaintiff two different payments and two different earnings statements for Plaintiff's credited work in each such weekly work schedule. One payment and earnings statement generally showed 30 hours worked and the second payment and earnings statement showed other hours O'Bar credited as worked by Plaintiff which were typically between 12 to 20 hours. Ms. Hooper sometimes wrote either "Abilene" or "Sweetwater" at the top of the earnings statements issued to Plaintiff for her work relative to the weekly work schedule.

43.     Although the total hours O'Bar credited Plaintiff working per weekly work schedule generally exceeded 40 hours, O'Bar paid Plaintiff straight time pay only for those hours and did not pay Plaintiff any overtime premium pay for hours worked over 40 in the seven-day workweek.

44.     Examples of paystubs Defendants provided Plaintiff showing the aforementioned practice are as follows (sensitive information is redacted):

OBAR WRECKER SERVICE,LLC − Abilene
Po Box 116
Abilene, Tx 79604

Seneca Patterson
326 Poplar
Abilene, TX 79602

| Employee Pay Stub | | Check number: | | | Pay Period: 12/09/2020 - 12/15/2020 | Pay Date: 12/18/2020 |
|---|---|---|---|---|---|---|
| Employee | | | | | SSN | |
| Seneca Patterson, 326 Poplar, Abilene, TX 79602 | | | | | | |

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Hourly | 30:00 | 10.00 | 300.00 | 8,860.00 |
| Taxes | | | Current | YTD Amount |
| Medicare Employee Addl Tax | | | 0.00 | 0.00 |
| Federal Withholding | | | -7.00 | -182.00 |
| Social Security Employee | | | -18.60 | -549.32 |
| Medicare Employee | | | -4.35 | -128.47 |
| | | | -29.95 | -859.79 |
| Net Pay | | | 270.05 | 8,000.21 |

OBAR WRECKER SERVICE,LLC − Westlaker
Po Box 116
Abilene, Tx 79604

Seneca L Patterson

| Employee Pay Stub | | Check number: | | | Pay Period: 12/09/2020 - 12/15/2020 | Pay Date: 12/18/2020 |
|---|---|---|---|---|---|---|
| Employee | | | | | SSN | |
| Seneca L Patterson | | | | | | |

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Hourly | 20:00 | 10.00 | 200.00 | 2,430.00 |
| Taxes | | | Current | YTD Amount |
| Medicare Employee Addl Tax | | | 0.00 | 0.00 |
| Federal Withholding | | | 0.00 | 0.00 |
| Social Security Employee | | | -12.40 | -150.66 |
| Medicare Employee | | | -2.90 | -35.24 |
| | | | -15.30 | -185.90 |
| Net Pay | | | 184.70 | 2,244.10 |

45. As shown in the preceding paystub copies, O'Bar credited Plaintiff with working 50 total hours during the seven-day workweek between Wednesday, December 9, 2020 and Tuesday, December 15, 2020. No overtime premium pay was paid to Plaintiff for hours worked over 40 in that seven-day workweek. The name and address of the employer for both earnings statements are identical other than Ms. Hooper writing Abilene at the top of the first earnings statement and Sweetwater at the top of the second earnings statement.

46. O'Bar issued Plaintiff one W-2 for each tax year between 2019 to 2021 relative to Plaintiff's work dispatching for both Abilene and Sweetwater locations. Each such W-2 identified O'Bar as the employer. O'Bar did not have different legal entities for the Abilene and Sweetwater locations.

47. Plaintiff routinely worked more than 40 hours per seven-day workweek as an employee of Defendants. However, Defendants did not pay Plaintiff time and one-half her regular rate of pay for all hours worked over 40 in each and every seven-day workweek during the time period between April 2019 to the date this lawsuit was filed.

### IV.   CONTROLLING LEGAL RULES

48. The FLSA states that "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

49. "Employ" includes to suffer or permit work. 29 U.S.C. § 203(g).

50. "The FLSA defines an employee as any individual employed by an employer." *Lovo v. Express Courier Intl., Inc.*, 4:16-CV-853-Y, 2019 WL 387367, at *2 (N.D. Tex. Jan. 30,

2019) (citing 29 U.S.C. § 203(e)(1) (brackets and quotations omitted)). "Employer includes any person acting directly or indirectly in the interest of an employer in relation to an employee." *Id.* (citing 29 U.S.C. § 203(d)). "[E]mploy means to suffer or permit to work." *Id.* (citing 29 U.S.C. § 203(g) (quotations omitted)). Accordingly, "the definition of employee under the FLSA is particularly broad." *Id.* (citing *Hopkins v. Cornerstone Am.*, 545 F.3d 338, 343 (5th Cir. 2008) (brackets omitted)).

51.     Individual owners, officers, and/or managers may be liable, along with corporate employer, for FLSA damages to employees. *See, e.g., Gray v. Powers*, 673 F.3d 352, 357 (5th Cir. 2012). ("The dominant theme in the case law is that those who have operating control over employees within companies may be individually liable for FLSA violations committed by the companies."). To determine whether an individual or entity is an employer, the court considers whether the alleged employer: "(1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Gray v. Powers*, 673 F.3d 352, 355 (5th Cir. 2012) (citing *Williams v. Henagan*, 595 F.3d 610, 620 (5th Cir.2010)). At least one of those four elements needs to be present in order to show that an individual is an employer under the FLSA. *Gray*, 673 F.3d at 357.

52.     "The joint employment doctrine treats a worker's employment by joint employers as one employment for purposes of determining compliance with the FLSA's wage and hour requirements." *Seong Song v. JFE Fran., Inc.*, 394 F. Supp. 3d 748, 754–55 (S.D. Tex. 2019) (citing *Salinas v. Commercial Interiors, Inc.*, 848 F.3d 125, 134 (4th Cir. 2017); 29 C.F.R. § 791.2(a) (quotations omitted)). "Under the FLSA, a single worker may stand in the relation of an employee to two or more employers at the same time." *Id.* at 754 (citing 29 C.F.R. § 791.2(a)

(quotations and brackets omitted)). "If all the relevant facts establish that those employers are acting entirely independently of each other and are completely disassociated with respect to the employment of the employee, then they are treated as separate and distinct employers. *Id.* (quotation and citation omitted). "On the other hand, if the facts show that employment by one employer is not completely disassociated from employment by the other employer(s), then they are treated as joint employers." *Id.* (citing 29 C.F.R. § 791.2(a); *Donovan v. Sabine Irrigation Co.*, 695 F.2d 190, 194 (5th Cir. 1983) (recognizing that the term "employer" "has been interpreted to encompass one or more joint employers")).

53.  "Thus, a finding of joint employment requires that the hours an employee works for each joint employer be aggregated for overtime pay purposes and that the joint employers be held jointly and severally liable for any failure to pay proper overtime compensation. *Id.* (citing *Wirtz v. Hebert*, 368 F.2d 139, 141 (5th Cir. 1966); *Mitchell v. John R. Cowley & Bro., Inc.*, 292 F.2d 105, 111–12 (5th Cir. 1961). "Joint employment is construed broadly, and labels and contractual terms used in a particular relationship are largely unimportant." *Id.* "Joint employment is construed broadly, and labels and contractual terms used in a particular relationship are largely unimportant." *Parker v. ABC Debt Relief, Ltd. Co.*, 3:10-CV-1332-P, 2013 WL 371573, at *4 (N.D. Tex. Jan. 28, 2013).

54.  Federal law requires employers to make and keep accurate and detailed payroll data for non-exempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. Among other things, the regulation requires employers to make and keep payroll records showing data such as the employee's name, social security number, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime pay is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time

earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment, and records of remedial payments. 29 C.F.R. § 516.2(a)&(b). Employers are required to maintain the foregoing data for a minimum of three years. 29 C.F.R. § 516.5.

55. The FLSA defines the "regular rate" as including "all remuneration for employment paid to, or on behalf of, the employee … ." 29 U.S.C. § 207(e).

56. With a few limited exceptions, all remuneration given to an employee must be included in the employee's regular rate calculation. 29 U.S.C. § 207(e); 29 C.F.R. § 778.108; *accord Allen v. Board of Pub. Educ. For Bibb Cty.*, 495 F. 3d 1306, 1311 (11th Cir. 2007).

57. "The employer bears the burden of demonstrating that certain payments should not be included in determining its employees' regular rate." *Meadows v. Latshaw Drilling Co., LLC*, 338 F. Supp. 3d 587, 591 (N.D. Tex. 2018) (citing *Idaho Sheet Metal Works, Inc. v. Wirtz*, 383 U.S. 190, 209, 86 S.Ct. 737, 15 L.Ed.2d 694 (1966); *Johnson v. Big Lots Stores, Inc.*, 604 F. Supp. 2d 903, 927 (E.D. La. 2009)). *See also*, *Smiley v. E.I. Dupont De Nemours & Co.*, 839 F.3d 325, 330 (3d Cir. 2016) (The employer bears the burden of proof to establish that remuneration can be excluded from the regular rate of pay pursuant to one of the statutory exclusions set forth in 29 U.S.C. § 207(e)).

58. Failing to pay the required overtime premium for hours worked over 40 in a seven-day workweek is a violation of the FLSA. 29 U.S.C. § 216(b).

### V. FLSA CLAIMS

59. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

60. During the time period of April 2019 to the date this lawsuit was filed, Plaintiff is and was employee of O'Bar pursuant to the FLSA. 29 U.S.C. § 203(e).

61. During the time period of April 2019 to the date this lawsuit was filed, Plaintiff is and was an employee of Ms. Hooper pursuant to the FLSA. *Gray*, 673 F.3d at 357.

62. O'Bar and Ms. Hooper are and were joint employers of Plaintiff relative to the claims in this lawsuit. *Wirtz*, 368 F.2d at 141.

63. During the time period of April 2019 to the date this lawsuit was filed, O'Bar is and was an eligible and covered employer under the FLSA relative to Plaintiff's employment with Defendants. 29 U.S.C. § 203(d).

64. During the time period of April 2019 to the date this lawsuit was filed, Ms. Hooper is and was an eligible and covered employer under the FLSA relative to Plaintiff's employment with Defendants. 29 U.S.C. § 203(d).

65. In 2019, 2020, 2021, and 2022, O'Bar is and was an enterprise engaged in commerce under the FLSA. 29 U.S.C. § 203(s)(1)(A).

66. Plaintiff is and was a covered employee under 29 U.S.C. § 206(a) and 29 U.S.C. § 207(a)(1) relative to her employment with Defendants during the time period of April 2019 to the date this lawsuit was filed.

67. During the time period of April 2019 to the date this lawsuit was filed, Plaintiff routinely worked in excess of 40 hours per seven-day workweek as an employee of Defendants. However, Defendants did not pay Plaintiff time and one-half her regular rate of pay for all such hours worked over 40 in each and every seven-day workweek.

68. The failure of Defendants to pay Plaintiff time and one-half her regular rate of pay for each and every hour worked over 40 in all applicable seven-day workweeks is a violation of the FLSA.

69. Plaintiff alleges that Defendants are jointly and severally liable for her damages in this lawsuit.

70. Defendants' violations of the FLSA are and/or were willful within the meaning of 29 U.S.C. § 255(a). At all material times, Defendants were aware that Plaintiff was not paid time and one-half her regular rate of pay for all hours worked over 40 in each and every seven-day workweek. One of O'Bar's owners and LLC members, Ms. Hooper, facilitated and had actual knowledge of the practice of issuing Plaintiff two payments and two earnings statements for work Plaintiff performed in the same workweek that collectively showed more than 40 hours worked but did not pay any overtime premium pay for hours worked over 40. Defendants are and were aware that Plaintiff was working 40 or more hours per seven-day workweek without being paid corresponding overtime premium pay. Accordingly, Defendants knew and/or had reason to believe that Plaintiff was working overtime hours for which she was not paid all FLSA overtime premium pay owed.

71. Plaintiff seeks all damages available for O'Bar's and/or Ms. Hooper's failure to timely pay all her all FLSA overtime wages owed.

## VI.    JURY TRIAL DEMAND

72. Plaintiff demands a trial by jury.

## VII.    DAMAGES AND PRAYER

73. Plaintiff asks that she be awarded a judgment against O'Bar and/or Ms. Hooper and/or order(s) from the Court for the following:

   a. All damages allowed by the FLSA, including unpaid overtime wages,

   b. Liquidated damages in an amount equal to FLSA unpaid overtime wages,

   c. Legal fees,

      d. Costs,

      e. Post-judgment interest, and/or

      f. All other relief to which Plaintiff is entitled.

Date: April 28, 2022.

                              Respectfully submitted,

                              By:    <u>s/ Allen R. Vaught</u>
                                     Allen R. Vaught
                                     Attorney-In-Charge
                                     TX Bar No. 24004966
                                     Vaught Firm, LLC
                                     1910 Pacific Ave., Suite 9150
                                     Dallas, Texas 75201
                                     (972) 707-7816 – Telephone
                                     (972) 591-4564 – Facsimile
                                     avaught@txlaborlaw.com

                             ATTORNEY FOR PLAINTIFF