# Exhibit 4

## Defendant Hooper's Answers and Responses to Plaintiff's Interrogatories and Requests for Production

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| SENECA PATTERSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 1:22-cv-51-H |
| | § | |
| O'BAR WRECKER SERVICE, LLC (a/k/a Obar Wrecker Service, LLC) and WANDA HOOPER, | § § § | |
| | § | |
| Defendants. | § | |

**WANDA HOOPER'S RESPONSES TO PLAINTIFF'S FIRST SET OF DISCOVERY**

TO: Plaintiff, Seneca Patterson, by and through her attorney of record, Allen R. Vaught, Vaught Firm, LLC, 1910 Pacific Ave., Suite 9150, Dallas, Texas 75201.

WANDA HOOPER ("Hooper" and/or "Defendant") and serves these Responses and Objections to Plaintiff's First Set of Discovery, pursuant to the Federal Rules of Civil Procedure. Submitting an Objection to a specific Request is not a representation that Defendant maintains or otherwise has any materials responsive to that Request.

Respectfully submitted,

By: /s/ Matthew W. Choate
CHOATE LAW FIRM, PLLC
Thomas W. Choate
State Bar No. 04214500
tomchoate@choatelawoffice.com
Matthew W. Choate
State Bar No. 24029479
mwchoate@choatelawoffice.com
P.O. Box 206
Abilene, Texas 79604
Telephone: (325) 672-5070
Facsimile: (325) 672-5073

ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the above and forgoing was served on all known attorneys of record, in accordance with the Federal Rules of Civil Procedure on the 11th day of January, 2023.

/s/ Matthew W. Choate
Matthew W. Choate

## GENERAL OBJECTIONS

Defendant objects to the First Set of Discovery Requests to the extent same are not sufficiently limited as to time and/or scope or to parties, and therefore the Requests are not reasonable and are not reasonably possible to answer, and to the extent same seek to exceed, enlarge or modify the requirements of the applicable Rules.

Defendant objects to each and every Request to the extent that it requires Defendant to respond by providing or producing their attorney's or any other of their legal representative's mental impressions, conclusions, opinions, computations, calculations, projections, reasons, legal theories, other work product, or the like, on the ground that said Request exceeds the permissible scope of discovery under the Federal Rules of Civil Procedure and Federal Rules of Evidence.

Defendant objects to each and every Request to the extent that it requires Defendant to respond by acquiring or supplying information or documentation which is and would be irrelevant to the subject matter or issues of this action, and not reasonably calculated to lead to the discovery of admissible evidence, on the ground that said Request exceeds the permissible scope of discovery under the Federal Rules of Civil Procedure.

Defendant objects to the definitions within the First Discovery Requests to the extent same seek to either expand or modify the breadth or scope of the Federal Rules of Civil Procedure, or impose duties beyond those required by the Rules.

Defendant objects to each and every Request to the extent it seeks documentation and/or production relating to matters not raised in the pleadings.

Defendant objects to each and every Request and the definitions accompanying same to the extent they are overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and outside the scope of permissible discovery.

The foregoing objections are incorporated by reference in the following specific Responses and Objections to the First Discovery Requests.

Subject to and without waiver of the foregoing general objections, Defendant provides the following Specific Responses and Objections:

## FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:**

In the Joint Report Regarding Contents of the Scheduling Order, Defendants state the following:

> Defendants contend that Plaintiff did not work in excess of forty (40) hours in a given work week. Rather, Defendants contend that Plaintiff was paid a different rate depending upon whether she was dispatching calls for the Abilene, Texas location or both the Abilene, Texas and Sweetwater, Texas locations.

(ECF 12, p. 4). With regards to those statements, please identify all facts, documents, and persons Defendant believes may have knowledge of relevant facts concerning same in addition to the name of the person who decided to implement that alleged practice and/or policy as to Plaintiff.

**ANSWER**

Plaintiff worked as a dispatcher for O'Bar, and at times would answer the phone number corresponding to the Abilene, Texas location, at other times would answer the phone corresponding to the Sweetwater, Texas location, and at other times would answer the phone corresponding to the Abilene, Texas location and Sweetwater, Texas location, at the same time. Plaintiffs produced "Plaintiff 1 through Plaintiff 138" reflect the above in the designations as to Sweetwater or Abilene. Additionally, Defendants will be producing O'Bar's Intuit QuickBooks records regarding Plaintiff's time and payroll during her tenure, which are illustrative to the above. Plaintiff herself, Irene Hooper and Ken Hooper are the persons with knowledge of the above. The decision as to how the dispatching of calls would work *vis* the Abilene, Texas location and Sweetwater, Texas location, was made jointly and agreed upon by Plaintiff herself, and Irene Hooper and Ken Hooper on behalf of O'Bar.

**INTERROGATORY NO. 2:**

Please identify each person by corresponding approximate dates who had the authority to do the following and/or actually did the following concerning Plaintiff's employment with O'Bar.

a) Hire Plaintiff,

b) Fire Plaintiff,

c) Set and/or determine Plaintiff's methods of pay and/or rates of pay,

d) Set and/or determine Plaintiff's work schedule(s),

e) Assign and/or determine Plaintiff's job duties, and

f) Supervise Plaintiff's work.

**ANSWER**

As to subcategories (a) through (f), and for all times Plaintiff was employed by O'Bar, the answers are Irene Hooper and Ken Hooper.

**INTERROGATORY NO. 3:**

Please identify any and all timekeeping and/or time tracking systems O'Bar used relative to Plaintiff's employment with O'Bar.

**ANSWER**

Intuit QuickBooks

**INTERROGATORY NO. 4:**

Please identify any and all payroll software programs and/or third-party payroll service providers by corresponding time period that O'Bar used relative to compensating Plaintiff for her work for O'Bar.

**ANSWER**

Intuit QuickBooks

**INTERROGATORY NO. 5:**

Please identify each person and/or persons, by corresponding time period, who were responsible for processing time worked and/or payroll data relative to Plaintiff's work for O'Bar and/or O'Bar's compensation of Plaintiff for such work.

**ANSWER**

Irene Hooper and O'Bar's bookkeeper, Diane Moore.

**FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS AND TANGIBLE THINGS**

**REQUEST NO. 1:**

Please produce all documents referenced in Defendant's operative Rule 26(a)(1) Disclosures.

**RESPONSE**

Currently, Defendants refer Plaintiff to "Plaintiff 1 through Plaintiff 138". In addition, Defendants will be producing O'Bar's Intuit QuickBooks records regarding Plaintiff's time and payroll during her tenure. At this time, Defendants have not identified any further responsive materials.

**REQUEST NO. 2:**

If Defendant contends she has documents and/or tangible things that identify any and/or all of the data set forth in 29 C.F.R. § 516.2(a)(1)-(12) concerning Plaintiff's employment with O'Bar, then please produce same.

**RESPONSE**

Currently, Defendants refer Plaintiff to "Plaintiff 1 through Plaintiff 138". In addition, Defendants will be producing O'Bar's Intuit QuickBooks records regarding Plaintiff's time and payroll during her tenure. At this time, Defendants have not identified any further responsive materials.

**REQUEST NO. 3:**

Please produce any and all documents and/or tangible things concerning the following relative to Plaintiff's employment with O'Bar:

a) Start and end dates of employment,

b) Job titles and corresponding primary job duties,

c) Methods of pay and rates of pay,

d) Remuneration paid to Plaintiff, including earnings statements/pay stubs,

e) Hours worked per workday,

f) Hours worked per seven-day workweek,

g) Addresses of locations worked per workday, and

h) Overtime compensation paid, if any, relative to any and all hours worked over 40 in each and every seven-day workweek.

**RESPONSE**

Currently, Defendants refer Plaintiff to "Plaintiff 1 through Plaintiff 138". In addition, Defendants will be producing O'Bar's Intuit QuickBooks records regarding Plaintiff's time and payroll during her tenure. At this time, Defendants have not identified any further responsive materials.

**REQUEST NO. 4:**

Please produce a true and correct copy of all documents reviewed and/or relied upon by Defendant in answering interrogatory number 1 above.

**RESPONSE**

Currently, Defendants refer Plaintiff to "Plaintiff 1 through Plaintiff 138". In addition, Defendants will be producing O'Bar's Intuit QuickBooks records regarding Plaintiff's time and payroll during her tenure. At this time, Defendants have not identified any further responsive materials.

**REQUEST NO. 5:**

Please produce a true and correct copy of all documents reviewed and/or relied upon by Defendant in answering interrogatory number 2 above.

**RESPONSE**

Currently, Defendants refer Plaintiff to "Plaintiff 1 through Plaintiff 138". In addition, Defendants will be producing O'Bar's Intuit QuickBooks records regarding Plaintiff's time and payroll during her tenure. At this time, Defendants have not identified any further responsive materials.

**REQUEST NO. 6:**

Please produce a true and correct copy of all documents reviewed and/or relied upon by Defendant in answering interrogatory number 3 above.

**RESPONSE**

Currently, Defendants refer Plaintiff to "Plaintiff 1 through Plaintiff 138". In addition, Defendants will be producing O'Bar's Intuit QuickBooks records regarding Plaintiff's time and payroll during her tenure. At this time, Defendants have not identified any further responsive materials.

**REQUEST NO. 7:**

Please produce a true and correct copy of all documents reviewed and/or relied upon by Defendant in answering interrogatory number 4 above.

**RESPONSE**

Currently, Defendants refer Plaintiff to "Plaintiff 1 through Plaintiff 138". In addition, Defendants

will be producing O'Bar's Intuit QuickBooks records regarding Plaintiff's time and payroll during her tenure. At this time, Defendants have not identified any further responsive materials.

**REQUEST NO. 8:**

Please produce a true and correct copy of all documents reviewed and/or relied upon by Defendant in answering interrogatory number 5 above.

**RESPONSE**

Currently, Defendants refer Plaintiff to "Plaintiff 1 through Plaintiff 138". In addition, Defendants will be producing O'Bar's Intuit QuickBooks records regarding Plaintiff's time and payroll during her tenure. At this time, Defendants have not identified any further responsive materials.

**REQUEST NO. 9:**

Please produce any and all documents concerning third-party payroll companies and/or payroll service providers utilized by O'Bar relative to Plaintiff's employment with O'Bar.

**RESPONSE**

Currently, Defendants refer Plaintiff to "Plaintiff 1 through Plaintiff 138". In addition, Defendants will be producing O'Bar's Intuit QuickBooks records regarding Plaintiff's time and payroll during her tenure. At this time, Defendants have not identified any further responsive materials.

**REQUEST NO. 10:**

Please produce any and all communications between Defendant and any and all third-party payroll companies and/or payroll service providers concerning Plaintiff's work for O'Bar, remuneration owed by O'Bar, and/or employment with O'Bar.

**RESPONSE**

Currently, Defendants refer Plaintiff to "Plaintiff 1 through Plaintiff 138". In addition, Defendants will be producing O'Bar's Intuit QuickBooks records regarding Plaintiff's time and payroll during her tenure. At this time, Defendants have not identified any further responsive materials.

**REQUEST NO. 11:**

In the Joint Report Regarding Contents of the Scheduling Order, Defendants state the following:

> Defendants contend that Plaintiff did not work in excess of forty (40) hours in a given work week. Rather, Defendants contend that Plaintiff was paid a different rate depending upon whether she was dispatching calls for the Abilene, Texas location or both the Abilene, Texas and Sweetwater, Texas locations.

(ECF 12, p. 4). Please produce all documents and/or tangible things which identify facts and/or persons with knowledge of facts concerning those statements.

**RESPONSE**

Currently, Defendants refer Plaintiff to "Plaintiff 1 through Plaintiff 138". In addition, Defendants will be producing O'Bar's Intuit QuickBooks records regarding Plaintiff's time and payroll during her tenure. At this time, Defendants have not identified any further responsive materials.

**REQUEST NO. 12:**

In the Joint Report Regarding Contents of the Scheduling Order, Defendants state the following:

> Defendants contend that Plaintiff did not work in excess of forty (40) hours in a given work week. Rather, Defendants contend that Plaintiff was paid a different rate depending upon whether she was dispatching calls for the Abilene, Texas location or both the Abilene, Texas and Sweetwater, Texas locations.

(ECF 12, p. 4). Please produce all documents and/or tangible things which identify Defendant, O'Bar, and/or and other entity or person communicating that alleged practice and/or policy to Plaintiff prior to the date this lawsuit was filed (April 28, 2022).

**RESPONSE**

Currently, Defendants refer Plaintiff to "Plaintiff 1 through Plaintiff 138". In addition, Defendants will be producing O'Bar's Intuit QuickBooks records regarding Plaintiff's time and payroll during her tenure. At this time, Defendants have not identified any further responsive materials.

**REQUEST NO. 13:**

Please produce any and all documents that mention or concern the claims made the basis of this Lawsuit that are directed between and/or among any officers, owners, managers, directors, and/or executives, past or present, of O'Bar.

**RESPONSE**

Defendants have identified no such responsive documents.

**REQUEST NO. 14:**

Please produce any and all statements made by or taken from any person who has knowledge of facts relative to the subject matter of this Lawsuit, or who will or may be called to testify (including by affidavit or declaration) relative to any motion, response to a motion, reply in support of a motion, and/or trial in this Lawsuit.

**RESPONSE**

Defendants have identified no such responsive documents.

**REQUEST NO. 15:**

Please produce any and all documents Defendant obtained or obtains by subpoena in this Lawsuit and/or in connection with this Lawsuit.

**RESPONSE**

Defendants have identified no such responsive documents.

**REQUEST NO. 16:**

Please produce any and all documents concerning Defendant attempting to persuade Plaintiff to dismiss or abandon this Lawsuit. This includes communications between Defendant and any third-party and/or third-parties.

**RESPONSE**

Defendants have identified no such responsive documents.

**REQUEST NO. 17:**

Please produce any and all documents, demonstrative evidence, learned treatises, authorities, photographs, graphs, charts, artist's renderings, audio recordings, video recordings, business records, deposition transcripts and excerpts, and/or visual aids which Defendant will or may seek to provide to the Court and/or jury, as applicable, relative to any motion, hearing, or trial in this Lawsuit.

**RESPONSE**

Defendants have identified no such responsive documents.

**REQUEST NO. 18:**

If Defendant may or will rely on expert witness testimony, opinions, and/or reports relative to any motion, hearing, or trial in this Lawsuit, then please produce:

a) Any and all documents and tangible things that Defendant has provided to an expert witness who is expected to be used/called as a witness,

b) Any and all documents and tangible things that Defendant has provided to an expert witness used for consultation, but not expected to be called as a witness, whose opinion, impressions, or work product have been reviewed by a testifying expert,

c) Any and all resumes or curriculum vitae prepared by or for each and every expert whom Defendant expects to call as a witness, or each and every expert whose opinions, impressions, or work product have been reviewed by a testifying expert, and

d) Any and all documents, including, but not limited to, written reports, factual observations, tests, supporting data, calculations, photographs, theories relied on, and/or opinions (and all documents which in any way relate or pertain thereto) of each and every expert that Defendant expects to call as a witness, or each and every expert whose opinions, impressions, or work product have been reviewed by a testifying expert.

**RESPONSE**

Defendants have identified no such responsive documents.