UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| SENECA PATTERSON, | |
| Plaintiff, | |
| v. | No. 1:22-CV-051-H |
| O'BAR WRECKER SERVICE, LLC a/k/a OBAR WRECKER SERVICE, LLC, et al., | |
| Defendants. | |

## ORDER

Seneca Patterson was employed by O'Bar Wrecker Service, LLC for approximately three years before suing O'Bar and one of its owners, Irene Hooper. Patterson claims that the defendants violated the Fair Labor Standards Act by failing to pay her overtime wages.

Patterson has since moved for summary judgment, alleging that she can show beyond peradventure that she is entitled to unpaid overtime compensation. She argues that a three-year lookback period should apply and that liquidated damages should be awarded because the defendants acted willfully. Patterson also seeks post-judgment interest, legal fees, and costs. In response, the defendants assert that a genuine issue of material fact exists as to whether they acted willfully or in good faith, but they do so based solely on an unsigned declaration as evidence. Patterson moved to strike the unsigned declaration.

The Court strikes the declaration because it violates 28 U.S.C. § 1746. The Court also grants summary judgment because Patterson makes a prima facie case beyond peradventure, and the defendants do not raise a genuine issue of material fact. Because the defendants acted willfully, the Court applies a three-year lookback period and grants liquidated damages. The Court also grants post-judgment interest, legal fees, and costs.

1.    **Factual and Procedural Background**

O'Bar Wrecker Service, LLC provides towing and roadside assistance services in Abilene and Sweetwater, Texas.  Dkt. Nos. 25-1 at 6; 25-3 at 7.  Patterson was employed by O'Bar from approximately April 2019 to approximately April 5, 2022.  Dkt. Nos. 25-3 at 6; 25-8 at 13.  During that time, Patterson worked as a dispatcher for O'Bar.  Dkt. No. 25-4 at 6.

At all times while working for O'Bar, Patterson was paid on an hourly basis at a rate of $10.00 per hour.  Dkt. Nos. 25-3 at 6; 25-8 at 14.  O'Bar's 7-day workweek that it used to measure overtime began on Wednesdays and ended on the following Tuesdays.  Dkt. No. 25-8 at 14–15.

Irene Hooper was an owner and officer of O'Bar while Patterson was employed there.  *Id.* at 9.  She also determined Patterson's rates of pay and methods of pay (*Id.* at 27, 29); set Patterson's work schedule (Dkt. Nos. 25-2 at 4; 25-8 at 27–28); and was Patterson's direct supervisor (Dkt. Nos. 25-2 at 5; 25-8 at 33).  In addition, Hooper performed office-manager job duties (Dkt. Nos. 25-8 at 9, 29–30) and possessed the power to hire and fire employees (Dkt. No. 25-2 at 4).

In April 2022, Patterson sued O'Bar and Hooper seeking unpaid overtime wages pursuant to the Fair Labor Standards Act.  Dkt. No. 1.  She claims that during her employment she regularly worked more than 40 hours in a seven-day workweek.  *Id.* at 12.  However, the defendants did not pay her time and one-half of her regular rate of pay for those additional hours as the FLSA requires.  *Id.*

Patterson now seeks summary judgment.  Dkt. No. 23.  She alleges that she meets the four requirements for seeking unpaid overtime wages beyond peradventure.  Dkt. No. 24

at 12–20.  She also argues that she is entitled to liquidated damages, legal fees, costs, and post-judgment interest.  *Id.* at 20–24.  The defendants responded in conclusory fashion that "a genuine issue of material fact exists as to whether the defendants were 'willful' . . . or whether [the] [d]efendants acted in 'good faith.'"  Dkt. No. 28 at 1.  The defendants do not raise any additional argument beyond one sentence, which simply states that "[the] [d]efendants['] conduct was not willful."  *Id.* at 3.  The defendants also attached an unsigned declaration to their motion as their sole evidence.  *Id.* at 6–7.  Patterson replied (Dkt. No. 29) and also moved to strike the unsigned declaration (Dkt. No. 30).  O'Bar did not respond to the motion to strike.  Both motions are ripe and ready for resolution.

## 2.    Standards of Review

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "A genuine dispute of material fact exists if a reasonable jury could enter a verdict for the non-moving party."  *Doe v. Edgewood Indep. Sch. Dist.*, 964 F.3d 351, 358 (5th Cir. 2020).  The moving party "bears the initial responsibility of . . . demonstrat[ing] the absence of a genuine issue of material fact."  *Jones v. United States*, 936 F.3d 318, 321 (5th Cir. 2019) (cleaned up).  Thus, the moving party must "identify those portions of [the record] which it believes demonstrate [that] absence."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

In evaluating a summary-judgment motion, the Court draws all reasonable inferences in the light most favorable to the nonmoving party.  *Darden v. City of Fort Worth*, 880 F.3d 722, 727 (5th Cir. 2018).  However, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for

summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) (emphasis in original). "[A] fact is 'material' if its resolution could affect the outcome of the action." *Dyer v. Houston*, 964 F.3d 374, 379 (5th Cir. 2020) (citation and quotation marks omitted). A dispute is not genuine if the facts being asserted are "blatantly contradicted by the record so that no reasonable jury could believe [them]." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

The Court must consider materials cited by the parties, but it may also consider other materials in the record. Fed. R. Civ. P. 56(c)(3). Nevertheless, Rule 56 does not impose a duty on the Court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)).

"[I]f the movant bears the burden of proof on an issue, either because he is the plaintiff or [] a defendant . . . asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Once the movant has satisfied this burden, the burden shifts to the nonmovant to demonstrate that a genuine issue of material fact does exist and that the evidence, viewed in favor of the nonmovant, permits a jury verdict for the nonmovant. *Lyons v. Katy Indep. Sch. Dist.*, 964 F.3d 298, 302 (5th Cir. 2020). The nonmovant must "go beyond the pleadings" and produce evidence showing that there is a genuine issue of fact. *Celotex*, 477 U.S. at 324. However, the nonmoving party cannot overcome its burden by merely alleging legal conclusions or unsubstantiated assertions; instead, it must present affirmative evidence that supports the existence of a

genuine issue of material fact. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) ("[T]he purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.").

### 3.    Analysis

Patterson alleges that she satisfies the four elements necessary to show that she is entitled to unpaid overtime. Dkt. No. 24 at 12–20. Patterson also argues that a three-year lookback should apply and that she is entitled to liquidated damages because the defendants' actions were willful and not in good faith. *Id.* at 18–24. In addition, she requests fees, costs, and interest. *Id.* at 24. Furthermore, Patterson argues that Hooper's declaration should be struck from the record because it is unsigned. Dkt. No. 30. The defendants, on the other hand, state only that a genuine issue of material fact exists as to willfulness and good faith, reiterating once that the defendants' conduct was not willful. Dkt. No. 28 at 1, 4. The only evidence on which the defendants rely or even cite is Hooper's unsigned declaration. *Id.* at 4, 6–7. For the reasons explained below, the Court strikes Hooper's unsigned declaration and grants summary judgment in full.

### A.    The Court grants Patterson's motion to strike Hooper's unsigned declaration.

Patterson moved to strike Hooper's declaration because Hooper did not sign it. Dkt. No. 30. Although Federal Rule of Civil Procedure 56 does not require a formal affidavit, an unsworn declaration must meet the statutory requirements of 28 U.S.C. § 1746. *Banks v. Deere*, 829 F.3d 661, 668 (8th Cir. 2016). Section 1746 provides that an unsworn declaration can be used in place of a sworn declaration to support, evidence, establish, or prove a matter so long as the unsworn declaration is "in writing of such person which is subscribed by [her], as true under penalty of perjury, and dated, in substantially the following form: . . . 'I

declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)'." Thus, as other courts have held, Section 1746 requires that an unsworn declaration be signed.[1]  Accordingly, numerous other courts have struck unsigned declarations from the record or affirmed a district court's decision to do so, explaining that unsigned declarations are not competent summary judgment evidence because they do not satisfy the statutory requirements.[2]

Here, Hooper's declaration violates Section 1746 because it does not contain her signature. *See* Dkt. No. 28 at 6–7.  The defendants do not oppose Patterson's motion or otherwise seek leave to file an amended declaration.  Therefore, the Court grants Patterson's motion and strikes Hooper's unsigned declaration from the record (Dkt. No. 30).

### B.    Patterson is entitled to unpaid overtime.

Patterson argues that she is entitled to unpaid overtime under the FLSA.  Dkt. No. 24 at 12–20.  The FLSA states that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."  29 U.S.C. § 207(a)(1).  An employee seeking unpaid overtime must demonstrate: "(1) that there existed an employer-employee relationship during the unpaid overtime periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's

---

[1] *Wilkins v. City of Tulsa*, 33 F.4th 1265, 1269 n.1 (10th Cir. 2022); *Luman v. Diaz*, No. H-19-4920, 2022 WL 2110961, at *2 (S.D. Tex. June 10, 2022); *Rogers v. Paris Reg'l Med. Ctr.*, No. 4:20-CV-110-SDJ-KPJ, 2021 WL 5622119, at *6 (E.D. Tex. Oct. 22, 2021).

[2] *Tobin v. City & Cnty. of S.F.*, 747 F. App'x 584, 585 (9th Cir. 2019); *Rogers v. Henry Ford Health Sys.*, 897 F.3d 763, 767 n.1 (6th Cir. 2018); *Luman*, 2022 WL 2110961, at *2; *Rogers*, 2021 WL 5622119, at *6.

overtime wage requirements; and (4) the amount of overtime compensation due." *Johnson v. Heckmann Water Res. (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014). "Once the employee establishes a prima facie case, the burden [] shifts to the employer to 'come forward with evidence of the precise amount of work performed or with evidence to negat[e] the reasonableness of the inference to be drawn from the employee's evidence.'" *Id.* (quoting *Harvill v. Westward Commc'n, L.L.C.*, 433 F.3d 428, 441 (5th Cir. 2005)).

Notably, the defendants do not contest the first three requirements. *See* Dkt. No. 28 at 1–5. However, the defendants conclusively state that a genuine issue of material fact exists as to whether their actions were "willful" in failing to pay Patterson for overtime, which affects the lookback period for the amount of overtime compensation due. *Id.* at 1. The Court finds that Patterson has shown beyond peradventure that she is entitled to unpaid overtime because she has met all four requirements. The Court also finds that the defendants acted willfully, so the appropriate lookback period is three years.

### i. An employer-employee relationship existed between Patterson and O'Bar, and Hooper qualifies as an employer.

First, Patterson alleges that an employer-employee relationship existed between her and O'Bar. Dkt. No. 24 at 13. In addition, she claims that Hooper was a corporate officer who qualifies as an employer. *Id.* at 13–14. Therefore, Hooper should be jointly and severally liable for the unpaid wages. *Id.* at 13. O'Bar does not contest either of these arguments. *See* Dkt. No. 28 at 3–4. The Court agrees with Patterson.

### a. O'Bar and Patterson had an employer-employee relationship.

Under the FLSA, an employer is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The Fifth Circuit applies the economic-reality test when determining a party's status as an employer

under the FLSA. *See, e.g., Gray v. Powers*, 673 F.3d 352, 354 (5th Cir. 2012). Under the test, the court evaluates "whether the alleged employer: (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.* at 355 (citation and internal quotation marks omitted). However, a party does not need to establish each element in every case. *Id.* at 357. Additionally, "[t]he remedial purposes of the FLSA require the courts to define 'employer' more broadly than the term would be interpreted in traditional common law applications." *McLaughlin v. Seafood, Inc.*, 867 F.2d 875, 877 (5th Cir. 1989).

Testifying as O'Bar's representative, Hooper stated that Patterson was employed by O'Bar from approximately April 2019 to approximately April 5, 2022.[3] Dkt. No. 25-8 at 13. During that time, O'Bar hired her and could fire her, set her work schedule depending on its needs and circumstances, and supervised her. Dkt. No. 25-2 at 4–5. In sum, the evidence undisputedly shows that O'Bar and Patterson had an employer-employee relationship.

### b.    Hooper also qualifies as Patterson's employer and is jointly and severally liable for damages to Patterson.

Patterson also argues that Hooper should be held jointly and severally liable as an employer. Dkt. No. 24 at 13–14. As the Fifth Circuit has explained, "[t]he dominant theme in the case law is that those who have operating control over employees within companies may [also] be individually liable for FLSA violations committed by the companies." *Gray*, 673 F.3d at 357. Thus, "[i]f an individual with managerial responsibilities is deemed an

---

[3] Patterson notes in her brief that O'Bar's earning statements indicate that her employment may have ended a few weeks after April 5, 2022. Dkt. No. 24 at 13 (citing Dkt. No. 25-6 at 173–249). Nevertheless, as discussed below, her proposed damage calculations rely on Ms. Hooper's deposition testimony, not on a specific end date. *See infra* Section 3.B.iv.b.

employer under the FLSA, the individual may be jointly and severally liable for damages resulting from the failure to comply with the FLSA." *Lee v. Coahoma Cnty.*, 937 F.2d 220, 226 (5th Cir. 1991), *modified on other grounds*, 37 F.3d 1068 (5th Cir. 1993). Whether an individual has operating control can be determined by using the economic-reality test, which considers that individual's "power to hire and fire, ability to supervise, power to set wages, and maintenance of employment records." *Gray*, 673 F.3d at 357. Again, not every element needs to be present. *Id.*

Here, Hooper qualifies as an employer. She is an owner and officer of O'Bar. Dkt. No. 25-8 at 9. Hooper determined how much Patterson was paid (*Id.* at 27, 29), set Patterson's work schedule (Dkt. Nos. 25-2 at 4; 25-8 at 27–28), and supervised Patterson (Dkt. Nos. 25-2 at 5; 25-8 at 33). She also performed office-manager job duties (Dkt. Nos. 25-8 at 9, 29–30) and could hire and fire employees (Dkt. No. 25-2 at 4). Satisfying three elements, the Court concludes that Hooper was an individual with operating control who qualifies as an employer. As such, Hooper is jointly and severally liable for damages to Patterson.

### ii.    O'Bar was an enterprise engaged in commerce.

Patterson also alleges that she engaged in activities covered by the FLSA. Dkt. No. 24 at 14–15. To show FLSA coverage, plaintiffs must show that (1) they were personally engaged in commerce or the production of goods for commerce ("individual coverage"), or (2) they were employed by an enterprise engaged in such activity ("enterprise coverage"). 29 U.S.C. § 207(a)(1); *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992). An "enterprise" is defined by the FLSA as "the related activities performed … by any person or persons for a common business purpose." 29 U.S.C. § 203(r). Here, O'Bar admits that it was an

enterprise engaged in commerce pursuant to FLSA in 2019, 2020, 2021, and 2022. Dkt. No. 28-3 at 18.

### iii.    The defendants violated FLSA's overtime-compensation requirements.

Third, Patterson claims that the defendants failed to pay her overtime wages pursuant to the FLSA. Dkt. No. 24 at 15–20. "[T]he FLSA requires that employers pay employees at a rate not less than one and one-half times the regular rate of pay for any hours the employees work in excess of forty during the workweek." *Olibas v. Native Oilfield Servs., LLC*, 104 F. Supp. 3d 791, 796 (N.D. Tex. 2015). "An employer bears the burden of proving that an employee is ineligible for overtime or minimum-wage compensation." *Meza v. Intelligent Mexican Mktg., Inc.*, 720 F.3d 577, 580 (5th Cir. 2013). In addition, an FLSA exemption is an affirmative defense that must be pled. *Donovan v. Hamm's Drive Inn*, 661 F.2d 316, 317 (5th Cir. 2013).

Here, Hooper, on behalf of O'Bar, testified that Patterson was not paid for 721 hours of overtime. Dkt. No. 25-8 at 16–18. She confirmed that Patterson was owed the additional one-half amount beyond her regular rate. *Id.* at 18. The defendants did not plead any FLSA exemption or exception in their answer (*see* Dkt. No. 25-2) or raise such an argument in their response (*see* Dkt. No. 28 at 3–4).

### iv.    Patterson has shown the amount of overtime compensation due.

Lastly, Patterson argues that a three-year lookback period applies and that she is owed at least $3,605 in unpaid overtime wages. Dkt. No. 24 at 15–20. The defendants argue that their conduct was not "willful," so the three-year lookback period should not apply. Dkt. No. 28 at 1, 4. The Court agrees with the plaintiff and finds that she has shown

the amount of overtime compensation due for hours worked from May 2020 to April 2022 beyond peradventure.

          **a.**      **Because O'Bar acted willfully, Patterson is entitled to overtime compensation over the three-year lookback period.**

First, the Court considers whether the defendants' conduct was willful and, accordingly, whether the three-year lookback period applies. Normally, an FLSA unpaid-overtime claim must be brought "within two years after the cause of action accrued." 29 U.S.C. § 255(a). However, in certain situations "a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." *Id.* The plaintiff bears the burden of showing that an employer's violation was willful and thus that a three-year statute of limitations is appropriate. *Cox v. Brookshire Grocery Co.*, 919 F.2d 354, 356 (5th Cir. 1990).

To demonstrate a willful violation, the plaintiff "must show that the employer either knew or showed reckless disregard as to whether its conduct was prohibited by the [FLSA]." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). In *McLaughlin*, the Supreme Court explained that "'willful' refers to conduct that is voluntary, deliberate, and intentional, and not merely negligent." *Dalheim v. KDFW-TV*, 706 F. Supp. 493, 511 (N.D. Tex. 1988) (citing *McLaughlin*, 486 U.S. at 128). Therefore, a negligent violation of the FLSA cannot constitute a willful violation. *Mireles v. Frio Foods, Inc.*, 899 F.2d 1407, 1416 (5th Cir. 1990). Additionally, "a good faith but incorrect assumption that a pay plan complied with the FLSA" is not a willful violation. *McLaughlin*, 486 U.S. at 135.

Courts across the country have found the following evidence sufficient to support an inference of willfulness: "(1) admissions that an employer knew its method of payment violated the FLSA prior to the accrual of the action; (2) continuation of a pay practice

– 11 –

without further investigation after being put on notice that the practice violated the FLSA;
(3) earlier violations of the FLSA that would put the employer on actual notice of the
[r]equirements of the FLSA; (4) failure to keep accurate or complete records of employment;
and (5) prior internal investigations which revealed similar violations." *Bingham v. Jefferson
County, Tex.*, 1:11-CV-48, 2013 WL 1312563, at *14 (E.D. Tex. 2013) (citations omitted),
*report and recommendation adopted as modified*, 1:11-CV-48, 2013 WL 1312014 (E.D. Tex.
Mar. 27, 2013).

Multiple considerations establish beyond peradventure that O'Bar acted willfully.
One, as Patterson points out, O'Bar had previously violated the FLSA. Dkt. No. 24 at 20.
Hooper testified that O'Bar was audited by the United States Department of Labor in 2018
for FLSA overtime-wage violations. Dkt. No. 25-8 at 30–31. O'Bar was ultimately required
to pay employees approximately $125,000 as a result of that audit. *Id.* at 31. This
investigation—which occurred roughly one year before Patterson was employed (*see id.* at
13)—put O'Bar on notice of potential FLSA violations.

Two, the defendants did not keep accurate or complete records of Patterson's
employment. Although Patterson requested all documents relating to total daily or weekly
straight-time earnings and total premium pay for overtime hours (*see* Dkt. No. 25-5 at 9–10),
the documents that Patterson received only go back to May 2020 (*see* Dkt. No. 25-5 at 2; 25-
6 at 2). The defendants have not pointed to any other evidence indicating that the records
are inaccurate or incomplete. *See* Dkt. No. 28.

And three, Hooper testified that she was aware that hourly paid employees had to be
paid overtime pay for hours beyond the 40-hour workweek at the time that Patterson was

employed. Dkt. No. 25 at 26. This evidence suggests that the defendants knew that their method of paying Patterson violated the FLSA prior to the filing of this action.

The defendants do not point to any competent summary judgment evidence in alleging that their conduct was not willful. *Id.* at 1, 4. "Conclusory statements are not competent evidence to defeat summary judgment"; the plaintiff "must offer specific evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 345–46 (5th Cir. 2007).

Here, then, the evidence supports a finding of willfulness. Accordingly, the three-year lookback applies. Patterson is entitled to unpaid wages stemming back to April 28, 2019.[4] *See* Dkt. No. 25 at 15.

### b. Patterson has shown the amount of overtime compensation owed from May 2020 to April 2022.

Second, the Court considers whether Patterson has shown the amount of overtime compensation owed to her. Patterson alleges that she is owed $3,605.00 in overtime wages for work between May 29, 2020, and April 2022. Dkt. No. 24 at 17. As she points out, Hooper stipulated that Patterson had 721 unpaid overtime hours during this time span. Dkt. No. 25-8 at 17–19. Hooper explained that although Patterson had been paid straight time wages of $10.00 per hour, she had not received the $5.00 half-time of overtime premium. *Id.* at 18. Multiplying the overtime premium amount of $5.00 by the 721 hours yields a total of $3,605.000.

---

[4] Patterson states that the three-year lookback period begins on April 22, 2019 because she filed her complaint on April 22, 2022. Dkt. No. 24 at 17–18. She filed the complaint, however, on April 28, 2022. Dkt. No. 1 at 14. The Court assumes that this was a scrivener's error. In any event, because the complaint was filed on April 28, 2022, the three-year lookback period should begin on April 28, 2019.

Patterson also seeks unpaid overtime hours for work between the start of the lookback period and May 28, 2020, but she currently does not seek summary judgment on those wages.[5]  Dkt. No. 24 at 17.  The Court notes that under 29 C.F.R. § 516.2(a)(7) and (8), an employer is required to "maintain and preserve payroll or other records containing the employee's . . . hours worked each workday and total hours worked each workweek" and "[t]otal premium pay for overtime hours."  If an employer fails to maintain the required data, an employee may show her damages for an FLSA claim by a "matter of just and reasonable inference."  *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 456 (2016).

> ### v. The defendants fail to present any evidence to challenge the amount of work Patterson performed or negate her evidence and the inferences drawn from it.

Because Patterson has met the elements for a prima facie case, the burden shifts to O'Bar to "come forward with evidence of the precise amount of work performed or with evidence to negat[e] the reasonableness of the inference to be drawn from the employee's evidence."  *Johnson*, 758 F.3d at 630 (quoting *Harvill*, 433 F.3d at 441).  Here, however, the defendants rely on bare, unsubstantiated assertions (*see* Dkt. No. 28), which are not competent summary judgment evidence.  *Ragas*, 136 F.3d at 458.  "The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim" (*id.*), which the defendants failed to do (*see* Dkt. No. 28).  Therefore, the defendants fail to raise a genuine issue of material fact, and the Court grants summary judgment in favor of Patterson as to her unpaid overtime wages claim.

---

[5] As previously noted, Patterson relies on an incorrect date.  *Compare* Dkt. No. 24 at 17, *with* Dkt. No. 1 at 14.  The Court presumes that Patterson meant to include the April 28, 2019, date.

**C.    Patterson is entitled to liquidated damages because the defendants did not act in good faith.**

Patterson requests that the Court award her liquidated damages.  Dkt. No. 24 at 20–21.  An employer who violates the requirement to pay overtime compensation "shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages."  29 U.S.C. § 216(b).  There is a strong presumption in favor of liquidated damages, and the doubling of an award "is the norm, not the exception."  *Shea v. Galazie Lumber & Const. Co., Ltd.*, 152 F.3d 729, 733 (5th Cir. 1998).

To avoid an award of liquidated damages, "[a] defendant can assert an affirmative defense of good faith; however, if a defendant fails to show a good faith defense, the award of liquidated damages is mandatory."  *Alejandro v. Prop. Care Sols. LLC*, No. 4:22-CV-029, 2022 WL 3223176, at *5 (E.D. Tex. Aug. 9, 2022).  The employer must show (1) "that the act or omission giving rise to such action was in good faith" and (2) "that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA]."  29 U.S.C. § 260; *Barcellona v. Tiffany English Pub., Inc.*, 597 F.2d 464, 468 (5th Cir. 1979).  The burden is on the employer to prove that the two-prong test has been met.  *See* 29 U.S.C. § 260.  And the "burden of demonstrating good faith and a reasonable belief that its actions did not violate the FLSA" is a "substantial" one.  *Singer v. City of Waco, Tex.*, 324 F.3d 813, 823 (5th Cir. 2003).

A finding of a willful violation of the FLSA precludes the exception found in Section 260.  *Cruz v. Maverick Cnty.*, 957 F.3d 563, 573 n.2 (5th Cir. 2020); *see also Singer*, 324 F.3d at 823 ("In this case, the jury found the City's actions to be willful. As a result, the City could not show that it acted in good faith."); *Heidtman v. City of El Paso*, 171 F.3d 1038, 1042 (5th

Cir. 1999) ("Because employers cannot act in good faith based on reasonable grounds when they suspect that they are out of compliance with the FLSA, it would have been an abuse of discretion if the district court had not awarded liquidated damages."). In addition, "[i]f an employer suspects that it is out of compliance with the FLSA, it cannot act in good faith." *Steele v. Leasing Enters., Ltd.*, 826 F.3d 237, 246 (5th Cir. 2016).

At the outset, the Court notes that the defendants did not raise the affirmative defense of good faith in their answer. *See* Dkt. No. 25-2. In any event, because the Court finds that the defendants willfully violated the FLSA (*see supra* Section 3.B.iv.a), the good-faith exception cannot apply here. *See Cruz*, 957 F.3d at 573 n.2. Even still, as previously noted, the defendants were on notice of potential FLSA violations because of the Department of Labor's audit (Dkt. No. 25-8 at 30–31) and also testified that they were aware of the FLSA's overtime pay requirements (*id.* at 26). This evidence indicates that they at least suspected—if not knew—that they were out of compliance. *See Steele*, 826 F.3d at 246. And although the defendants attempt to argue that a genuine issue of material fact exists as to whether they acted in good faith (Dkt. No. 28 at 1), the defendants fail to point to even a scintilla of evidence to support their assertion, much less satisfy their burden (*see id.*). As such, the Court grants liquidated damages in the amount equal to Patterson's unpaid overtime compensation. *See* 29 U.S.C. § 216(b).

### D. Patterson is entitled to post-judgment interest, legal fees, and costs.

Lastly, Patterson seeks post-judgment interest, legal fees, and costs. Dkt. No. 24 at 24–25. "[P]ost-judgment interest [pursuant to 28 U.S.C. § 1961] is permitted for damages awarded under the FLSA." *Olibas*, 104 F. Supp. 3d at 796. As such, the Court grants this request. In addition, 29 U.S.C. § 216(b) provides that courts shall "allow a reasonable

attorney's fee to be paid by the defendant, and costs of the action." *See also Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) ("[A]n employer who violates the [FLSA] is also required to pay attorney's fees."). Therefore, Patterson is entitled to attorney's fees and costs and may submit a motion seeking those amounts at a later time.

### 4.    Conclusion

In sum, the Court grants Patterson's motion to strike Hooper's declaration because it is unsigned in violation of 28 U.S.C. 1746 and therefore incompetent summary judgment evidence. *See supra* Section 3.A. The Court also grants summary judgment in Patterson's favor because she has established beyond peradventure that she is entitled to unpaid overtime compensation under the FLSA using a three-year lookback period, liquidated damages, attorney's fees, costs, and post-judgment interest. *See supra* Section 3.B–D. The defendants, relying on mere conclusory statements and no evidence, fail to raise a genuine issue of material fact as to willfulness or good faith and do not contest any of the arguments or evidence that Patterson has raised.

So ordered on July 31, 2023.

JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE